IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-25-396-D |
| ) | |
| DARRYL JAMES CAMERON, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant's Unopposed Motion to Continue Jury Trial and Pre-Trial Motion Deadline [Doc. No. 14]. For the following reasons, the motion is **GRANTED**.

## BACKGROUND

Defendant was charged in a two-count indictment [Doc. No. 1] with transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1), and possession of and access with intent to view material containing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). Defendant appeared for arraignment before United States Magistrate Judge Chris M. Stephens on October 16, 2025, and entered a plea of not guilty. The case was set on the Court's December 2, 2025 jury trial docket [Doc. No. 6].

On November 17, 2025, Defendant filed the present motion to continue [Doc. No. 14]. Counsel for Defendant represents that she recently received discovery from the government, to include 420 pages of law enforcement reports and two forensic videos, and that counsel will be required to schedule a time with the government to review certain

1

restricted material. Counsel asserts that additional time will also allow the parties to continue negotiating a potential resolution of this matter.

Defendant requests a continuance to the January 2026 trial docket. The government is not opposed to the requested continuance. Defendant has filed a Waiver of Right to Speedy Trial [Doc. No. 14-1].

## ANALYSIS

Upon consideration of the motion and the ends of justice, the Court finds that the need for a continuance outweighs the best interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A); *see also United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009). For the reasons set forth in Defendant's motion, the Court finds that a refusal to grant the requested continuance would unreasonably deny Defendant's counsel the time reasonably necessary for effective preparation, despite due diligence, and would likely result in a miscarriage of justice.

In making these findings, the Court has fully considered the statutory factors set forth in § 3161(h)(7)(B) and has concluded that the requested continuance is fully consistent with congressional policies and binding precedent. *See Bloate v. United States*, 559 U.S. 196, 214 (2010); *Toombs*, 574 F.3d at 1269. The Court has also considered the length of delay, the reason for delay, any prejudice, and other relevant circumstances. *Toombs*, 574 F.3d at 1273. Further, no circumstance is present that would prohibit a continuance pursuant to § 3161(h)(7)(C). Therefore, the period of delay caused by the granting of this motion is excludable for purposes of the Speedy Trial Act.

Accordingly, Defendant's Unopposed Motion to Continue Jury Trial and Pre-Trial Motion Deadline [Doc. No. 14] is **GRANTED**. This case is stricken from the December 2, 2025 jury trial docket and is rescheduled on the January 13, 2026 jury trial docket. The parties shall file all pre-trial motions on or before December 23, 2025. This case is stricken from the Docket Call on November 21, 2025, to be reset, if necessary.

**IT IS SO ORDERED** this 17th day of November, 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge